**Leonard B. JENKINS, et al., Plaintiffs Below, Appellants,**

v.

**Thomas GULLEDGE, Defendant Below, Appellee.**

Supreme Court of Delaware.

Submitted June 15, 1982.

Decided July 19, 1982.

Leonard B. Jenkins, pro se, for plaintiffs below appellants.

John J. Polk, Deputy Atty. Gen., Wilmington, for defendant below appellee.

Before QUILLEN, HORSEY and MOORE, JJ.

MOORE, Justice:

This mandamus action was filed by three prison inmates in the custody of the Department of Correction, seeking access to their central files maintained by the Department. They based this alleged right on the Delaware Freedom of Information Act (29 Del.C. § 10001–10005). The Superior Court held that Delaware law prohibits such access and denied the relief sought. We agree and affirm.

I.

A brief recitation of the procedural background of this matter is pertinent to our decision. According to plaintiffs' petition their request for these materials was denied by letter dated September 9, 1980. Under the Delaware Freedom of Information Act

**208** ▬▬▬▬▬▬▬▬

any citizen seeking redress from such denial must file an action within 10 days thereafter.[1] However the plaintiffs' petition for a writ of mandamus was filed in the Court of Chancery on November 17, 1980, clearly well beyond the 10 day period. Moreover, Chancery is a court of equity and had no jurisdiction to entertain a mandamus action. Accordingly, the matter was transferred to the Superior Court pursuant to 10 Del.C. § 1902.[2] It is therefore apparent that the petition, as filed, was untimely, and the action could have been dismissed solely on that basis. Since this procedural defect could be cured simply by renewing the request and a timely filing, the Superior Court ruled on the substance of the legal issues presented. We believe that was the appropriate course, more particularly so because the plaintiffs are not represented by counsel.

## II.

■ Plaintiffs' initial request for access to the prison's records, like their petition, are directed to the Delaware Department of Corrections, which has physical and legal custody of the plaintiffs and their records. However, the right of access is sought pursuant to certain regulations issued by the Secretary of the Department of Public Safety, who has no control whatever over the entirely separate Department of Correc-

tions and its records. Any such regulations governing the Department of Public Safety, and access to its records, clearly have no applicability to those maintained by and in the custody of an entirely separate department within the executive branch of the State of Delaware.[3] Thus, plaintiffs' attempts to gain access to the central files of the Department of Correction, based on regulations having no applicability to that department, are wholly without any legal basis. In so ruling we do not presume or suggest that the regulations issued by the Secretary of Public Safety, governing records in his department, are in any respect invalid, merely they are inapplicable to a separate department as to which the Secretary has no responsibility.

## III.

■ In dismissing the plaintiffs' petition the Superior Court held that disclosure to prison inmates of the central files of the Department of Correction was prohibited by statute. We agree. The law on the subject is clear in its mandate that such records may not be disclosed either directly or indirectly to persons in the custody of the Department of Correction.[4] However, the plaintiffs contend that the Delaware Freedom of Information Act impliedly repeals this prohibition. That theory might have more force were the answer to it not found

1. 29 Del.C. § 10005 provides in pertinent part:
"... Any citizen denied access to public records as provided in this chapter may bring suit within 10 days of such denial. Venue in such cases where access to public records is denied shall be placed in a court of competent jurisdiction for the county or city in which the public body ordinarily meets or in which the plaintiff resides. Remedies permitted by this section include a declaratory judgment, writ of mandamus and other appropriate relief."

2. 10 Del.C. § 1902 provides in pertinent part:
§ 1902. Removal of actions from courts lacking jurisdiction.
No civil action, suit or proceeding brought in any court of this State shall be dismissed solely on the ground that such court is without jurisdiction of the subject matter, either in the original proceeding or on appeal. Such proceeding may be transferred to an appropriate court for hearing and determination ... For the purpose of laches or of any statute of limitations, the time of bringing the proceeding shall be deemed to be the time when it was brought in

the first court. This section shall be liberally construed and facilitate transfers of proceedings between the courts of this State in the interests of justice."

3. The Department of Public Safety and the powers and duties of its Secretary are established in 29 Del.C. § 8201 et seq., whereas the establishment, functions, responsibilities and powers of the Department of Correction are set forth in 11 Del.C. § 6501 et seq.

4. 11 Del.C. § 4322 provides in pertinent part:
"§ 4322. Protection of Records.
(a) The presentence report (other than a presentence report prepared for the Superior Court or the Court of Common Pleas), the preparole report, the supervision history and all other case records obtained in the discharge of official duty by any member or employee of the Department [of Corrections] shall be privileged and shall not be disclosed directly or indirectly to anyone other than the courts as defined in § 4302 of this Title ... No person committed

in the specific language of the Delaware Freedom of Information Act, which excludes from its scope those documents whose disclosure is otherwise prohibited by statute or common law.[5]

Thus, it is clear that no implied repeal of 11 Del.C. § 4322, denying access by prison inmates to the records of the Department of Correction, can be inferred and none in fact has occurred.

## IV.

 Finally, the plaintiffs contend that the Superior Court erred in not holding a hearing on their petition for mandamus. Since the matter was disposed of upon the defendant's motion to dismiss, obviously no hearing was required, because the sufficiency of the plaintiffs' petition was the sole issue before the Court. As is evident from the foregoing discussion, the petition was fatally defective in both its procedural and substantive aspects, and the Court properly disposed of it on the documents filed by the parties.

AFFIRMED.

to the Department [of Corrections] shall have access to any of said records. . . ."

